# EXHIBIT A

# Introductory Instructions

**INSTRUCTION NO. ___**

**ORDER OF TRIAL**

The case will proceed as follows:

First, the lawyers for each side will make opening statements. What is said in the opening statements is not evidence, but is simply an introduction to help you understand what each party expects the evidence to show.

After the opening statements, Mr. Kerrigone will present evidence in support of his claims and Wilson-Davis' lawyers may cross-examine the witnesses.  At the conclusion of Mr. Kerrigone's case, Wilson-Davis may introduce evidence and Mr. Kerrigone's lawyers may cross-examine the witnesses. Mr. Kerrigone may then present rebuttal evidence.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they think the evidence has shown.  What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict.  You will then decide the case.

**INSTRUCTION NO. \_\_\_**

**DUTY TO FOLLOW INSTRUCTIONS**

You, as jurors, are the judges of the facts. But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You may not disregard or give special attention to any one instruction, or question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.  We are bound to apply the law as it is given to us by the higher courts and the legislature.

In your deliberations you must see to it that no one else on the jury ignores the instructions or attempts to decide the case on anything other than the law and the evidence.  It is always to be born in mind that our collective commitment is to equal justice under the law.  Matters of race, creed, color, nationality and gender have no place in this process.  To the best of your ability you are to judge others as you would want others to judge you under the law I give you.  The very heart of justice is that all apply the same law to the same evidence and leave our personal desires out of it.

You should not read into these instructions, or anything else I say or do, as a suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without bias, prejudice or sympathy. That was the promise you made and the oath you took.

**INSTRUCTION NO. ___**

**EVIDENCE – GENERAL**

It will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give you.  That is how you will reach your verdict. In doing so, you must follow the law whether you agree with it or not.

At no time during the trial will I suggest what I think your verdict should be nor do I want you to guess or speculate about my views of what verdict you should render.

You will decide what the facts are from the evidence that the parties will present to you during the trial.  That evidence will consist of the sworn testimony of witnesses on both direct and cross-examination, regardless of who called the witness; documents and other things received into evidence as exhibits; and any facts on which the lawyers agree or which I may instruct you to accept as true.

The following things are not evidence and you must not consider them as evidence in deciding the facts of this case:

1.      Statements and arguments by lawyers are not evidence unless the lawyer is testifying under oath as a fact witness.   What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  However, the lawyers testimony under oath is evidence.   If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

2.      Questions and objections by the lawyers are not evidence.  Lawyers have a duty to their clients to object when they believe a question is

improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

3.      The lawyers may have highlighted certain parts of some exhibits.  While an admitted exhibit is evidence, the highlights are not.   It is for you to determine the significance of the highlighted parts.

4.      Testimony  that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered by you.

5.      Anything you may see or hear when the Court is not in session is not evidence, even if what you see or hear is done or said by one of the parties or by one of the witnesses.

You are to consider only the evidence in the case.    But in your consideration of the evidence, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw, from facts that you find have been proved, such reasonable inferences as seem justified in the light of your experience.  Inferences are inductions or conclusions your reason and common sense lead you to draw from the facts established by the evidence in the case.  Inferences reached from facts not proved at trial, however, are impermissible.

**INSTRUCTION No. __**

**BURDEN OF PROOF AND PREPONDERANCE OF THE EVIDENCE**

Plaintiffs ABK, LLC and Kerrigone have the burden of proving their claims by a preponderance of the evidence. If plaintiffs fail to establish any essential element of their claims by a preponderance of the evidence, you should find for defendant Wilson-Davis on such claim.  As for any affirmative defense asserted by Wilson-Davis against Kerrigone's claims, Wilson-Davis has the burden of proving such affirmative defense by a preponderance of the evidence.

Defendant Wilson-Davis also is the Counterclaim-plaintiff.  Defendant / Counterclaim-plaintiff has the burden of proving its counterclaims by a preponderance of the evidence. If Defendant / Counterclaim-plaintiff fails to establish any essential element of its counterclaims by a preponderance of the evidence, you should find for Plaintiff Kerrigone.  As for any affirmative defense asserted by Kerrigone against Wilson-Davis's claims, Kerrigone has the burden of proving such affirmative defense by a preponderance of the evidence.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.  To put it differently, if you were to put all of the evidence in favor of one party and all of the evidence in favor of the other party on opposite sides of the scale, one party would have to make the scale tip to their side

as to the claim or defense asserted.  If a party fails to meet this burden in regard to its claim, your verdict must be for the other party on that claim or defense.

"Burden of proof' means the obligation a party has to prove a claim by a preponderance of the evidence. The party with the burden of proof can use evidence produced by any party to persuade you. If a party fails to meet its burden of proof as to any claim or defense, or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must reject that claim.

**INSTRUCTION NO. ___**

**EVIDENCE–DIRECT AND CIRCUMSTANTIAL**

Evidence can be either direct or circumstantial.  Direct evidence is testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence; that is, it is proof of one or more facts from which one can find that another fact exists or is true.  As a general rule, the law makes no distinction between direct and circumstantial evidence, and you should consider both kinds of evidence in deciding this case.  It is for you to decide how much weight to give to any evidence, direct or circumstantial.

**INSTRUCTION No. __**

**AVAILABLE EVIDENCE**

The law does not require a party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require a party to produce as exhibits all papers and things mentioned in the evidence in the case.

**INSTRUCTION No. __**

**EXPERT OPINIONS**

A witness qualified as an expert by education, training, or experience may state opinions. You should judge expert testimony just as you would judge any other testimony. You may accept it or reject it, in whole or in part. You should give the testimony the importance you think it deserves, considering the witness' qualifications, the reasons for the opinions, and all of the other evidence in the case.

In resolving any conflict that might exist in the testimony of any experts, you may compare and weigh the opinion of one against that of another.  In doing this, you may consider the qualifications and credibility of each, as well as the reasons for each opinion and the facts on which each opinion is based.

**INSTRUCTION No. __**

**IMPEACHMENT**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something that is inconsistent, or has failed to say or do something that is consistent, with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done if the act is done voluntarily and intentionally, and not because of mistake or other innocent reason.

**INSTRUCTION No. __**

**JUDICIAL NOTICE**

I have taken judicial notice of **[state the fact]** for purposes of this trial. This means that you must accept the fact as true.

Source / Authority:

Model Utah Jury Instructions 2nd (MUJI 2d) – CV125.

**INSTRUCTION NO. ___**

**QUESTIONS BY JURORS – PERMITTED**

Jurors normally do not ask a witness questions.  However, you may ask important questions during the trial under certain conditions.

If you feel that the answer to your question would be helpful in understanding the issues in the case, please write down your question during a break and give it to my courtroom deputy.  I will make a copy of your note for the lawyers and speak privately with them to decide whether the question is proper under the law and how best to address it.

If the question is proper, we will repeat it in open court and someone will answer it.  If there is some reason why the question cannot be answered, I will tell you what that reason is.

**INSTRUCTION NO. \_\_\_**

**JUDGE'S QUESTIONS TO WITNESSES**

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions. They are intended only to clarify or to repeat something I may have missed.

**INSTRUCTION NO. ___**

**CONFERENCES WITH COUNSEL**

It may be necessary for me to talk to the lawyers about an issue of law out of your hearing.  The purpose of these conferences is to decide how certain legal matters are to be treated.  We will not be discussing factual matters.

Sometimes we will talk briefly at the bench.  But some of these conferences may take more time, so I will excuse you from the courtroom.  I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.  The lawyers and I will do what we can to limit the number and length of these conferences.

**INSTRUCTION NO. ___**

**CREDIBILITY OF WITNESSES**

In deciding the facts of this case, you will have to decide which witnesses to believe and which witnesses not to believe. You may believe everything a witness says, only part of it, or none of it.

In considering the testimony of any witness, you may consider:

1.     The witness's opportunity and ability to see or hear or know the things to which the witness testified;

2.     The quality of the witness's memory;

3.     The witness's manner while taking the oath and while testifying;

4.     Whether the witness had an interest in the outcome of the case or any motive, bias or prejudice;

5.     Whether the witness's testimony is contradicted by anything the witness said or did at another time, by the testimony of other witnesses, or by other evidence;

6.     How reasonable the witness's testimony was in light of all the evidence; and,

7.     Any other facts that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify to that fact.

If you believe a witness has willfully lied regarding any material fact, you have the right to disregard all or any part of that witness's testimony.

# Instructions Regarding ABK's and Kerrigone's Claims and Wilson-Davis' Defenses

**STIPULATED INSTRUCTION NO. ___**

**GENERAL INTRODUCTION**

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

Each of you has a copy of the instructions to consult whenever you wish.  The lawyers may properly refer to some of the governing rules of law in their arguments.  If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**INSTRUCTION No. __**

**INTRO TO SUBSTANTIVE CLAIMS AND DEFENSES**

Plaintiff Kerrigone asserts one claim against Defendant Wilson Davis for breach of contract.  Plaintiff ABK, LLC asserts two claims against defendant – civil theft and conversion.

I will first explain the law you must apply to determine Plaintiff Kerrigone's breach of contract claim.  I will then explain the law you must apply to determining Plaintiff ABK, LLC's civil theft claim and conversion claims. I will next explain the affirmative defense and damage considerations applicable to both claims.

**INSTRUCTION No. __**

**BREACH OF CONTRACT - ELEMENTS**

Kerrigone asserts a claim of breach of contract against Wilson-Davis

In order to recover damages for breach of contract, Kerrigone must prove each of these four things:

(1) that there was a contract between Kerrigone and Wilson-Davis;

(2) that Kerrigone did what the contract required to do, or that Kerrigone was excused from performing his contract obligations;

(3) that Wilson-Davis breached the contract by not performing its obligations; and

(4) that Kerrigone was damaged because Wilson-Davis breached the contract.

Source / Authority:

Model Utah Jury Instructions 2nd (MUJI 2d) – CV2102.

**INSTRUCTION No. __**

**BREACH OF CONTRACT—PERFORMANCE EXCUSED BY OTHER PARTY'S NON-PERFORMANCE**

If you decide that Wilson-Davis was willing and able to perform its contract obligation asserted by Kerrigone or ABK, but that it could not perform the obligation because of something that Kerrigone or ABK purposely did or failed to do, then Wilson-Davis was excused from performing his obligation.

Source / Authority:

Model Utah Jury Instructions 2nd (MUJI 2d) – CV2113 (Modified).

**INSTRUCTION No. __**

**BREACH OF CONTRACT—DEFINITION OF BREACH**

Kerrigone claims that Wilson-Davis breached their contract. A party to a contract breaches the contract if it fails to do what it promised to do in the contract.

Source / Authority:

Model Utah Jury Instructions 2nd (MUJI 2d) – CV2115.

**INSTRUCTION NO. __**

**DAMAGES NOT TO BE INFERRED**

The fact that an instruction on measure of damages has been given to you does not mean that the Court is instructing the jury to award or not to award damages.  The question of whether or not damages are to be awarded is a question for the jury's consideration.

**INSTRUCTION NO. __**

**DAMAGES—BREACH OF CONTRACT**

If Kerrigone is damaged by a breach of a contract, then he has a right to recover damages that follow naturally from the breach as follows:

(1) The loss of the benefits from the contract caused by Wilson-Davis's breach; minus;

(2) Any cost or other loss that Kerrigone has avoided by not having to perform.

If Kerrigone recovers damages as described above, then he is also entitled to recover "consequential damages caused by Wilson-Davis's breach.

Consequential damages are those losses or injuries reasonably within the contemplation of the parties, that is, they could have considered them or reasonably foreseen them, at the time the contract was made.

In order to decide whether a loss or an injury was foreseeable at the time the contract was made, you should examine the nature and language of the contract and the reasonable expectations of the parties.   A loss may be foreseeable because it follows from the breach

(1) In the ordinary course of events, or

(2) as a result of special circumstances, beyond the ordinary course of events, that Wilson-Davis had reason to know.

Source / Authority:

Model Utah Jury Instructions 2nd (MUJI 2d) – CV2135 and CV2136.

**INSTRUCTION No. __**

**DAMAGES—REASONABLE CERTAINTY**

Damages are only recoverable for loss in an amount that the evidence proves with reasonable certainty, although the actual amount of damages need not be proved with precision.  Any alleged damages which are only remote, possible, or a matter of guess work are not recoverable.

Source / Authority:

Model Utah Jury Instructions 2nd (MUJI 2d) – CV2140.

**INSTRUCTION No. __**

**DAMAGES—NON-PERFORMANCE**

On Kerrigone's breach of contract claim against Wilson-Davis, Kerrigone is entitled to recover damages from Wilson-Davis if Kerrigone did everything Kerrigone had promised to do under the contract and Wilson-Davis failed to do what it had promised to do under the contract.

On Wilson-Davis' breach of contract claim against Kerrigone, Wilson-Davis is entitled to recover damages from Kerrigone if Wilson-Davis did everything Wilson-Davis had promised to do under the contract and Kerrigone failed to do what it had promised to do under the contract.

Source / Authority:

Model Utah Jury Instructions 2nd (MUJI 2d) – CV2138.

## INSTRUCTION No. __

## CIVIL THEFT—ELEMENTS OF LIABILITY

For the plaintiff, ABK, LLC to recover from the defendant, Wilson-Davis, on its

claim of civil theft (violation of C.R.S. §18-4-405), you must find that the following has

been proved by a preponderance of the evidence:

(1) A person commits theft when he or she knowingly obtains, retains, or exercises

control over anything of value of another without authorization or by threat or deception;

or receives, loans money by pawn or pledge on, or disposes of anything of value or

belonging to another that he or she knows or believes to have been stolen, and:

   (a) Intends to deprive the other person permanently of the use or benefit of the thing

   of value; or

   (b) Knowingly uses, conceals, or abandons the thing of value in such manner as to

   deprive the other person permanently of its use or benefit; or

   (c) Uses, conceals, or abandons the thing of value intending that such use,

   concealment, or abandonment will deprive the other person permanently of its use

   or benefit; or

   (d) Demands any consideration to which he or she is not legally entitled as a

   condition of restoring the thing of value to the other person.

Source / Authority:

C.R.S. §18-4-405; Rees v. Unleaded Software, Inc., 383 P. 3d 20 (Colo. App. 2013);
Huffman v. Westmoreland Coal Co., 205 P.3d 501, 509 (Colo.App.2009).

**INSTRUCTION No. __**

**DAMAGES—RIGHTS IN STOLEN PROPERTY/CIVIL THEFT**

If you find in favor of the plaintiff ABK, LLC on its claim for rights in stolen property, you may award the plaintiff ABK, LLC damages.

The measure of plaintiff ABK, LLC's damages is two hundred dollars or three times the amount of the fair market value of the stolen property at the time and place of the theft, whichever is greater.  Monetary damages shall not be recoverable from a good-faith holder of the property.

Source / Authority:

C.R.S. §18-4-405.

**INSTRUCTION No. __**

**AFFIRMATIVE DEFENSE—FAILURE TO MITIGATE DAMAGES**

Counterclaim-plaintiff Wilson-Davis asserts in this case as an affirmative defense that Counterclaim-defendant Kerrigone failed to mitigate its damages.

Kerrigone had a duty to mitigate, that is, to minimize or avoid, the damages caused by the breach alleged against Wilson-Davis.  Kerrigone may not recover damages that it could have avoided without undue risk burden or humiliation.  Likewise, Kerrigone may not recover the damages for losses that were caused by or made worse by its own action or inaction.

Kerrionge has a right to recover damages if it has made a reasonable but unsuccessful effort to avoid loss.

Source / Authority:

Model Utah Jury Instructions 2nd (MUJI 2d) – CV2139 (modified).

**INSTRUCTION No. __**

**AFFIRMATIVE DEFENSE—SET OFF**

Counterclaim-plaintiff Wilson-Davis asserts as an affirmative defense in this case the doctrine of set-off.

Counterclaim-plaintiff Wilson-Davis claims that to the extent damages, if any at all, are awarded against him and in favor of Counterclaim-defendant Kerrigone, Wilson-Davis is entitled to a set-off, or reduction, for amounts owed by Kerrigone to him.

A set-off is a counterclaim or recoupment which a person may have against another …to satisfy whatever is owed.

If you find that damages, if any, are awardable in favor of Kerrionge against Wilson-Davis, then you must reduce such award by amounts that Kerrigone owes to Wilson-Davis.

Source / Authority:

Evans v. Nielsen, 347 P.3d 32 (Utah 2015).

**INSTRUCTION No. __**

**AFFIRMATIVE DEFENSE—WAIVER**

Counterclaim-plaintiff Wilson-Davis asserts as an affirmative defense in this case the doctrine of waiver.

To establish waiver, Wilson-Davis must show that Kerrigone had an existing right, knowledge of its existence, and an intent to relinquish the right.  A waiver may be express or implied.

Source / Authority:

<u>IHC Health Services, Inc. v. D&K Mng't, Inc.</u>, 196 P.3d 588, 594 (Utah 2008).

**INSTRUCTION No. __**

**AFFIRMATIVE DEFENSE—ESTOPPEL**

Wilson-Davis asserts as an affirmative defense in this case the doctrine of estoppel.

Estoppel is a rule which prevents one party from recovering against a second party, when the second party took or did not take action based upon a statement, admission, act or failure to act by the first party which is inconsistent with the claim that the first party is now asserting against the second party.

Kerrigone and ABK are not entitled to recover damages against Wilson-Davis if: (a) Wilson-Davis reasonably took action, or failed to take action, based upon a statement, admission, act or failure to act by Kerrigone or ABK that is inconsistent with the claim that it is now asserting against Wilson-Davis; and (b) injury to Wilson-Davis would result from allowing Kerrigone or ABK to contradict or repudiate such statement, admission, act or failure to act.

Source / Authority:

Avila v. Winn, 794 P.2d 20, 22 (Utah 1990); Celebrity Club v. Utah Liquor Control Comm'n, 602 P.2d 689, 694 (Utah 1979).

**INSTRUCTION No. __**

**AFFIRMATIVE DEFENSE—PRIOR MATERIAL BREACH**

Wilson-Davis asserts in this case as an affirmative defense that Kerrigone or ABK materially breached the contract at issue before any breach by Wilson-Davis. This defense is known as the prior material breach rule.

Under the prior material breach rule, a prior material breach by one party to a contract excuses further performance by the non-breaching party under that contract.

Kerrigone and ABK are not entitled to recover on its breach of contract claim against Wilson-Davis if you find that Kerrigone or ABK was the first party to materially breach the contract on which that claim is based.

Source / Authority:

Holbrook v. Master Protection Corp., 883 P.2d 295, 301 (Utah Ct. App. 1994).

**INSTRUCTION No. \_\_**

**AFFIRMATIVE DEFENSE—UNCLEAN HANDS**

Wilson-Davis asserts as an affirmative defense in this case the doctrine of unclean hands.

A party who seeks an equitable remedy must have acted in good faith and not in violation of equitable principles.  A party who does not act in good faith, or whose conduct is fraudulent or deceitful, in its dealings with another is subject to the defense of unclean hands.

Source / Authority:

Alton Hone v. Lloyd Hone, 2004 UT App. 241 (Utah App. 2004).

Instructions Regarding Wilson-Davis'
Claims and Kerrigone's Defenses

**INSTRUCTION NO. ＿＿**

**INTRO TO SUBSTANTIVE CLAIMS AND DEFENSES**

Counterclaim-plaintiff Wilson-Davis asserts claims against Counterclaim-defendant Kerrigone for breach of contract and breach of the implied covenant of good faith and fair dealing.  I will first explain the law you must apply to determine each of Counterclaim-plaintiff Wilson-Davis' claims.  I will then explain the affirmative defense and damage considerations applicable to both claims.

**INSTRUCTION NO. ___**

**BREACH OF CONTRACT—ELEMENTS**

Counterclaim-plaintiff Wilson-Davis asserts a claim of breach of contract against

Counterclaim-defendant Kerrigone.  In order to recover damages for breach of contract,

Counterclaim-plaintiff Wilson-Davis must prove each of these four things:

(1) that there was a contract between Wilson-Davis and Kerrigone;

(2) that Wilson-Davis did what the contract required it to do, or that Wilson-Davis

was excused from performing his contract obligations;

(3) that Kerrigone breached the contract by not performing his obligations; and

(4) that Wilson-Davis was damaged because Kerrigone breached the contract.

Source / Authority:

Model Utah Jury Instructions 2nd (MUJI 2d) – CV2102.

**INSTRUCTION NO. __**

**BREACH OF CONTRACT—PERFORMANCE EXCUSED BY OTHER PARTY'S NON-PERFORMANCE**

If you decide that Kerrigone was willing and able to perform his contract obligation asserted by Wilson-Davis, but that he could not perform the obligation because of something that Wilson-Davis purposely did or failed to do, then Kerrigone was excused from performing his obligation.

Source / Authority:

Model Utah Jury Instructions 2nd (MUJI 2d) – CV2113 (Modified).

**INSTRUCTION NO. ___**

**BREACH OF CONTRACT—DEFINITION OF BREACH**

Counterclaim-plaintiff Wilson-Davis claims that Counterclaim-defendant Kerrigone breached their contract.  A party to a contract breaches the contract if it fails to do what it promised to do in the contract.


Source / Authority:

Model Utah Jury Instructions 2nd (MUJI 2d) – CV2115.

**INSTRUCTION NO. __**

**DAMAGES NOT TO BE INFERRED**

The fact that an instruction on measure of damages has been given to you does not mean that the Court is instructing the jury to award or not to award damages. The question of whether or not damages are to be awarded is a question for the jury's consideration.

**INSTRUCTION NO. __**

**DAMAGES—BREACH OF CONTRACT**

If Wilson-Davis is damaged by a breach of a contract, then he has a right to recover damages that follow naturally from the breach as follows:

(1) The loss of the benefits from the contract caused by Kerrigone's breach; minus;

(2) Any cost or other loss that Wilson-Davis has avoided by not having to perform.

If Wilson-Davis recovers damages as described above, then he is also entitled to recover "consequential damages caused by Kerrigone's breach.

Consequential damages are those losses or injuries reasonably within the contemplation of the parties, that is, they could have considered them or reasonably foreseen them, at the time the contract was made.

In order to decide whether a loss or an injury was foreseeable at the time the contract was made, you should examine the nature and language of the contract and the reasonable expectations of the parties.  A loss may be foreseeable because it follows from the breach

(1) In the ordinary course of events, or

(2) as a result of special circumstances, beyond the ordinary course of events, that Wilson-Davis had reason to know.

Source / Authority:

Model Utah Jury Instructions 2nd (MUJI 2d) – CV2135 and CV2136.

**INSTRUCTION NO. __**

**CONTRACT PERFORMANCE – IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING – NON-INSURANCE CONTRACT**

Wilson-Davis has also asserted a claim against Mr. Kerrigone for breach of the duty of good faith and fair dealing.  Every contract requires the parties to act in good faith and to deal fairly with each other in performing or enforcing the express terms of the contract. A party performs a contract in good faith when their actions are consistent with the agreed common purpose and with the reasonable expectations of the parties. The duty of good faith and fair dealing is breached when a party acts contrary to that agreed common purpose and the parties' reasonable expectations.

## INSTRUCTION No. __

## AFFIRMATIVE DEFENSE—ANTICIPATORY BREACH

Kerrigone asserts in this case as an affirmative defense that Wilson-Davis anticipatorily breached the contract at issue.

When a party is supposed to perform his contract obligations at some time in the future, that party breaches the contract if he indicates to the other party that when the time comes for him to perform his obligations, he will not do so. The contract obligations must be important to fulfilling the purpose of the contract. It is not a breach of the contract if the party merely indicates that he doesn't want to perform his contract obligations, or that he has misgivings about the contract. Rather, the party must indicate positively and unequivocally that he does not intend to perform his contract obligations.

A party who has indicated that he is not going to perform his contract obligations is allowed to change his mind before his performance is due, but only if he lets the other party know before the other party files a lawsuit or otherwise relies on the statements and significantly changes his position.

Wilson-Davis anticipatorily breached the contract at issue if you find that it

(1) made statements that could be reasonably interpreted to mean that it positively and unequivocally refused to perform its contract obligations, and

(2) did not change his mind and notify Kerrigone before Kerrigone either filed a lawsuit or otherwise relied on the statements and significantly changed his position.

Source / Authority:

Model Utah Jury Instructions 2nd (MUJI 2d) – CV2118.

**INSTRUCTION No. __**

**AFFIRMATIVE DEFENSE—ESTOPPEL**

Kerrigone asserts as an affirmative defense in this case the doctrine of estoppel.

Estoppel is a rule which prevents one party from recovering against a second party, when the second party took or did not take action based upon a statement, admission, act or failure to act by the first party which is inconsistent with the claim that the first party is now asserting against the second party.

Wilson-Davis is not entitled to recover damages against Kerrigone if: (a) Kerrigone reasonably took action, or failed to take action, based upon a statement, admission, act or failure to act by Wilson-Davis that is inconsistent with the claim that it is now asserting against Kerrigone; and (b) injury to Kerrigone would result from allowing Wilson-Davis to contradict or repudiate such statement, admission, act or failure to act.

Source / Authority:

Avila v. Winn, 794 P.2d 20, 22 (Utah 1990); Celebrity Club v. Utah Liquor Control Comm'n, 602 P.2d 689, 694 (Utah 1979).

**INSTRUCTION No. __**

**AFFIRMATIVE DEFENSE—FAILURE TO MITIGATE DAMAGES**

Kerrigone asserts in this case as an affirmative defense that Wilson-Davis failed to mitigate its damages.

Wilson-Davis had a duty to mitigate, that is, to minimize or avoid, the damages caused by the breach alleged against Kerrigone.  Wilson-Davis may not recover damages that it could have avoided without undue risk, burden or humiliation. Likewise, Wilson-Davis may not recover the damages for losses that were caused by or made worse by its own action or inaction.

Wilson-Davis has a right to recover damages if it has made a reasonable but unsuccessful effort to avoid loss.

Source / Authority:

Model Utah Jury Instructions 2nd (MUJI 2d) – CV2139 (modified).

## INSTRUCTION No. __

## AFFIRMATIVE DEFENSE—FAILURE TO STATE A CLAIM—UNENFORCEABLE INDEMNITY AGREEMENT

Kerrigone asserts in this case as an affirmative defense that the indemnity agreement asserted by Wilson-Davis is unenforceable to the extent that Wilson-Davis is seeking indemnity for its own negligent conduct.

An indemnity agreement will not be construed to cover losses of the indemnitee caused its own negligent acts unless such intention is expressed clearly and unequivocally in the contract.

Wilson-Davis is not entitled to recover losses caused by its own negligent acts unless such intention is expressed clearly and unequivocally in the contract at issue.

Negligence means that a person did not use reasonable care. We all have a duty to use reasonable care to avoid injuring others. Reasonable care is simply what a reasonably careful person would do in a similar situation. A person may be negligent in acting or in failing to act.

The amount of care that is reasonable depends on the situation. Ordinary circumstances do not require extraordinary caution. But some situations require more care because a reasonably careful person would understand that more danger is involved.

Source / Authority:

Inez Barrus v. Wilkinson, 398 P.2d 207 (Utah 1965); Shell Oil Co. v. Brinkerhoff-Signal Drilling Co., 658 P.2d 1187, 1189 (Utah 1983); Model Utah Jury Instructions 2nd (MUJI 2d) – CV202A.

**INSTRUCTION No. __**

**AFFIRMATIVE DEFENSE—PRIOR MATERIAL BREACH**

Kerrigone asserts in this case as an affirmative defense that Wilson-Davis materially breached the contract at issue before any breach by Kerrigone.  This defense is known as the prior material breach rule.

Under the prior material breach rule, a prior material breach by one party to a contract excuses further performance by the non-breaching partyunder that contract.

Wilson-Davis is not entitled to recover on its breach of contract claim against Kerrigone if you find that Wilson-Davis was the first party to materially breach the contract on which that claim is based.

Source / Authority:

Holbrook v. Master Protection Corp., 883 P.2d 295, 301 (Utah Ct. App. 1994).

**INSTRUCTION No. __**

**AFFIRMATIVE DEFENSE—SET OFF**

Kerrigone asserts as an affirmative defense in this case the doctrine of set-off.

Kerrigone claims that to the extent damages, if any at all, are awarded against him and in favor of Wilson-Davis, Kerrigone is entitled to a set-off, or reduction, for amounts owed by Wilson-Davis to him.

A set-off is a counterclaim or recoupment which a person may have against another ... to satisfy whatever is owed.

If you find that damages, if any, are awardable in favor of Wilson-Davis against Kerrigone, then you must reduce such award by amounts that Wilson-Davis owes to Kerrigone.

Source / Authority:

Evans v. Nielsen, 347 P.3d 32 (Utah 2015).

**INSTRUCTION No. \_\_**

**AFFIRMATIVE DEFENSE—UNCLEAN HANDS**

Kerrigone asserts as an affirmative defense in this case the doctrine of unclean hands.

A party who seeks an equitable remedy must have acted in good faith and not in violation of equitable principles.  A party who does not act in good faith, or whose conduct is fraudulent or deceitful, in its dealings with another is subject to the defense of unclean hands.

Source / Authority:

Alton Hone v. Lloyd Hone, 2004 UT App. 241 (Utah App. 2004).

**INSTRUCTION No. __**

**AFFIRMATIVE DEFENSE--WAIVER**

Kerrigone asserts as an affirmative defense in this case the doctrine of waiver.

To establish waiver, Kerrigone must show that Wilson-Davis had an existing right, knowledge of its existence, and an intent to relinquish the right.  A waiver may be express or implied.

Source / Authority:

IHC Health Services, Inc. v. D&K Mng't, Inc., 196 P.3d 588, 594 (Utah 2008).

# Instructions Regarding Contract Interpretation

**INSTRUCTION NO. __**

**CONTRACT INTERPRETATION – CONTRACT AS A WHOLE**

The entire agreement is to be considered in determining the existence or nature of the contractual duties.  You should consider the agreement as a whole and not view clauses or phrases in isolation.

**INSTRUCTION NO. __**

**CONTRACT INTERPRETATION – ORDINARY MEANING**

Words or phrases not defined in a contract should be given their plain, ordinary, and generally accepted meaning.

**INSTRUCTION NO. __**

**CONTRACT INTERPRETATION – USE OF TECHNICAL WORDS IN A CONTRACT**

When a contract uses words or phrases from a trade or technical field, those words or phrases should be given their usual meaning in that trade or technical field.

**INSTRUCTION NO. __**

**CONTRACT INTERPRETATION – SPECIFIC AND GENERAL CLAUSES**

Where there is an inconsistency between general and specific provisions in a contract, the specific provisions express more exactly what the parties intended.

**INSTRUCTION No. __**

**BREACH OF CONTRACT—CONSTRUCTION AGAINST THE DRAFTER**

A contract term is to be construed against the person who drafted the contract term, if:  (a) the term can reasonably be understood to have two or more different meanings; and (b) evidence of the intent of the parties as to the term does not resolve the question of which meaning should be used.  This tool of interpretation should only be used as a last resort.

Source / Authority:

Wilburn v. Interstate Elec., 748 P.2d 582, 585 – 86 (Utah 1988); Brady v. Park, 302 P.3d 1220, 1228 (Utah App. 2013); Meadow Valley Contrs., Inc. v. State DOT, 2011 UT 35, ¶ 64 n.47, 266 P.2d 671.

# General Deliberation Instructions

**INSTRUCTION NO. ___**

**JURY DELIBERATION – GENERAL INSTRUCTIONS**

It is your duty to find the facts from all the evidence in the case. To those facts, you must apply and follow the laws contained in these instructions whether you agree with them or not. Your decision is called a verdict and is reached by applying those laws to the facts as you find them. You have taken an oath promising to do just so.

You must follow all of these instructions and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything I may say or do any suggestions as to what verdict you should return. Your verdict is a matter entirely for you to decide.

**INSTRUCTION No. __**

**DELIBERATION AND VERDICT FORM**

Upon retiring to the jury room to begin your deliberations, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Any verdict you reach must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. In other words, any verdict you reach must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. However, do not surrender your honest conviction solely because of the opinion of your fellow jurors or for the mere purpose of returning a unanimous  verdict.

Remember at all times that you are not partisans. You are judges - judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

A verdict form has been prepared for your convenience.

**[Court reads verdict form]**

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson complete

the verdict form and then, together with all other jurors, date and sign the verdict form and notify the Court through a note given to the security officer that you have reached a verdict.

**INSTRUCTION No. __**

**ONLY THE EVIDENCE—NO OUTSIDE SOURCE OF INFORMATION**

In your deliberations, your duty is to apply my instructions of law to the evidence you have seen and heard in the courtroom. You are not allowed to look at, read, consult, or use any material of any kind, including any dictionaries or medical, scientific, technical, religious, or law books or materials, or the internet, such as looking information up on Google, in connection with your jury service. You are not allowed to do any research of any kind about this case.

Do not use any information from any other source concerning the facts or law applicable to this case other than the evidence presented and the instructions that I give to you. You are not allowed to visit any place mentioned in the evidence. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded entirely.

**INSTRUCTION No. __**

**CAUSE—INTERVENING CAUSE**

An intervening cause is an independent event, not reasonably foreseeable, that completely breaks the connection between fault and damages.

Source / Authority:

Breton v. Clyde Snow & Sessions, 299 P.3d 13, 17 (Ut. App. 2013).

**INSTRUCTION NO. _____**

**JURY – DELIBERATIONS**

When you go to the jury room to begin your deliberations, you must elect one of you to serve as your Presiding Juror. He or she will preside over your deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreements if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it with your fellow jurors, and listened to the views of your fellow jurors. I offer some suggestions on how you might do this in the

next jury instruction, entitled "Jury – The Deliberations Process."

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict, but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight of the evidence simply to reach a verdict.

**INSTRUCTION NO. ____**

**COMMUNICATIONS WITH JUDGE**

If it becomes necessary during your deliberations to communicate with me, you may send a folded note through the court security officer, signed by one of you.  Do not disclose the content of your note to the court security officer.  No member of the jury should hereafter attempt to communicate with me except by signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. You are not to tell anyone – including me – how the jury stands, numerically or otherwise, until you have reached a unanimous verdict and I have discharged you.

If you send a note to me containing a question or request for further direction, please bear in mind that responses take considerable time and effort.  Before giving an answer or direction I must first notify the attorneys and bring them back to the court. I must confer with them, listen to arguments, research the legal authorities, if necessary, and reduce the answer or direction to writing.

There may be some question that, under the law, I am not permitted to answer. If it is improper for me to answer the questions, I will tell you that.  Please do not speculate about what the answer to your question might be or why I am not able to answer a particular question.

In some instances jurors request that certain testimony be read to them.  This cannot be done as it is inappropriate for the court to single out testimony.  In those circumstances you must rely upon your own recollection.

**STIPULATED INSTRUCTION NO. 4.6**

**UNANIMOUS AGREEMENT AND JURY VERDICT FORM**

You each have copies of a document called a Jury Verdict Form.  You should answer the questions in the Jury Verdict Form as directed.  You must reach unanimous agreement on the answers to each of the questions you are directed in the form to answer.  Upon arriving at an agreement, your Presiding Juror will insert each answer on the Jury Verdict Form. After all of the questions have been answered as directed by the Jury Verdict Form, your Presiding Juror will date the Jury Verdict Form, sign it, and then ask all of the other jurors to sign it.

After you have filled out the Jury Verdict Form in this manner, your Presiding Juror should advise the court security officer stationed outside the jury room that you have reached a verdict.